UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jesus I., | Case No. 23-cv-1630 (ECT/TNL) |
| Petitioner, | |
| v. | REPORT & RECOMMENDATION |
| ICE, *Immigrations and Customs Enforcement*, | |
| Respondent. | |

Jesus I., *pro se*, Freeborn County Adult Detention Center, 411 S. Broadway Ave, PO Drawer 170, Albert Lea, MN 56007

Adam J. Hoskins & Ana H. Voss, ASUA, 300 S. 4th St., Ste. 600, Minneapolis, MN 55415

Petitioner Jesus I. has filed a petition for a writ of habeas corpus challenging his detention in immigration custody. (Pet. [ECF No. 1]). The petition comes before the Court for initial review pursuant to Rule 4 of The Rules Governing Section 2254 Cases in the United States District Courts.[1] Upon that review, this Court recommends that the petition be dismissed.

Jesus I. is a civil detainee at the Freeborn County Jail being held on a federal immigration detainer. (Pet. [ECF No. 1]). He was taken into custody by Immigration and

---

[1] Jesus I.'s habeas petition is not brought pursuant to 28 U.S.C. § 2254. Nevertheless, the Rules Governing Section 2254 Cases may be applied to his petition. *See* Rule 1(b).

1

Customs Enforcement (ICE) on February 17, 2023, after he completed his term of imprisonment following his conviction for possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). *See United States v. Ibarra-Diaz*, Case No. 13-cr-10011-MLB (D. Kan.) [ECF No. 72]. On April 19, 2023, the Immigration Judge (IJ) signed an order for his removal; on April 23, 2023, Jesus I. filed an appeal of that order to the Board of Immigration Appeals (BIA). *Id.* That appeal remains pending. *Id.* Jesus I. requests an order directing ICE to hold another hearing on his petition for asylum so that he may present additional evidence in support of that petition. *Id.* at p. 7. Jesus I. also requests an order for his release on bond pending the outcome of his immigration proceedings on the grounds that by the time his appeal has been decided, he would have been in detention for an excess of 180-days. *Id.*

The Court first addresses Jesus I.'s request for an order for another hearing on his asylum petition so that he can present additional evidence to the IJ. Jesus I. has not established that such relief is appropriate.

Pursuant to 8 U.S.C. § 1252(a)(5):

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, . . . , *a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review* of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.

(emphasis added). Section 1252(e), in turn, provides that in habeas proceedings involving removal orders, a district court's habeas review is limited to "whether the petitioner is an alien," "whether

the petitioner was ordered removed under such section," and "whether the petitioner can prove . . . that the petitioner . . . has been granted asylum." *Id.* § 1252(e)(2). "There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal." *Id.* § 1252(e)(5).

While Jesus I.'s request for a hearing (or to re-open the previous hearing) may not be considered a direct attack on the order for removal, "[p]ursuant to 8 U.S.C. § 1252, district courts lack subject-matter jurisdiction over claims that directly or indirectly challenge removal orders." *Hillary K. v. DHS-ICE*, No. 19-cv-2965 (PJS/KMM), 2020 WL 1922570, at *3 (D. Minn. Apr. 21, 2020). Accordingly, this Court has no authority to consider this claim. *See Silva v. United States*, 866 F.3d 938, 940 (8th Cir. 2017) (affirming district court finding that it lacked jurisdiction to hear petitioner's claims "because they arise from a decision to execute a removal order").

This leaves Jesus I.'s request for an order releasing him on bond pending the outcome of his appeal. The government's authority to detain a non-citizen depends on the status of the non-citizen's immigration proceedings. Section 1231(a)(1)(A) provides that "when an alien is ordered removed, the [Secretary of Homeland Security] shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). This is known as the "removal period." *Id.* The date the removal period begins to run is the latest of the following:

> (i)   the date the order of removal becomes administratively final.
> (ii)  if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

3

8 U.S.C. § 1231(a)(1)(B)(i)-(iii).

Since Jesus I. has appealed his order of removal to the Board of Immigration Appeals (BIA), (Pet. [ECF No. 1]), his order of removal is not administratively final for the purposes of 8 U.S.C. § 1231(a)(1)(B)(i). *See Inemo S.C. v. Dept. of Homeland Security*, Case No. 19-cv-2881 (PJS/LIB), 2020 WL 2765108, at *1 (D. Minn. May 28, 2020) (citing *Giraldo v. Holder*, 654 F.3d 609, 611 (6th Cir. 2011) (explaining that orders of removal are administratively final when affirmed by the BIA)). Nor has Jesus I. sought judicial review of the order of removal. 8 U.S.C. § 1231(a)(1)(B)(ii). Finally, Jesus I. is in immigration custody pending immigration proceedings. Section 1231(a)(1)(B)(iii), therefore, does not apply. Accordingly, the 90-day removal period under 8 U.S.C. § 1231(a)(1) does not apply to Jesus I.'s current immigration detention. [2]

The only other basis for the government to detain a non-citizen derives from 8 U.S.C. § 1226. *See Amreya R.S. v. Barr*, Case No. 19-cv-3042 (NEB/LIB), 2020 WL 2770942, at * 3 (D. Minn. May 6, 2020) (discussing 8 U.S.C. § 1226 and 8 U.S.C. § 1231 as the two statutory bases for the government's authority to detain non-citizens), *report and recommendation adopted by* 2020 WL 2769278 (D. Minn. May 28, 2020). Pursuant to that statute, the government may detain non-citizens—and *must* detain non-citizens who committed certain criminal offenses—pending the outcome of their immigration

---

[2] Even if it did apply, Jesus I.'s habeas petition would fail. In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court determined that it is "presumptively reasonable to keep an alien subject to a final removal order in custody for a total of six months." *Bah v. Cangemi*, 489 F. Supp. 2d 905, 916 (D. Minn. 2007) (citing *Zadvydas*, 533 U.S. at 682). Detention beyond the six months, moreover, is "presumptively unreasonable, and hence unlawful, unless 'removal is . . . reasonably foreseeable.'" *Id.* (quoting *Zadvydas*, 533 U.S. at 699). Thus, assuming, *arguendo*, that the final order of removal became final on the day it was issued—April 19, 2023—Jesus's habeas petition would nevertheless be premature because his period of post-removal order detention has not yet exceeded 180 days.

4

proceedings. *See* 8 U.S.C. § 1226 *et seq.* Under either scenario, however, continued detention is not indefinite. "It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings. At the same time, however, the United States Supreme Court has recognized a reasonable period of detention during deportation proceedings as a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523, 530 (2003) (cleaned up). To guide the court in assessing when a non-citizen's continued immigration detention under Section 1226 has become constitutionally impermissible, courts in this District consider the following six factors articulated in *Muse v. Sessions*, 409 F. Supp. 3d 707, 716-18 (D. Minn. 2018):

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays of the removal proceedings caused by the detainee; (5) delays of the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Padro O.*, 543 F. Supp. 3d at 738 (citing *Muse*, 409 F. Supp. 3d at 715).

First, in this case, Jesus I. has been in immigration custody since February 17, 2023, or for approximately four months (as of June 12, 2023). (Pet. [ECF No. 1]). This period of detention is significantly shorter than those found to be unreasonable under the Due Process Clause. *See Muse*, 409 F. Supp. 3d at 716 (finding that over 14 months in immigration detention "strongly favors" relief) (listing cases). As the court noted in *Muse*, "[a]s detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing." *Id.* (listing cases). Here, because Jesus I. has been in immigration custody for less than six months, this factor weighs significantly against granting relief.

5

With respect to the second factor, "courts consider how long the detention is likely to continue in the absence of judicial relief." *Id.* "In estimating when detention will end, courts take into account the anticipated duration of all removal proceedings, including administrative and judicial appeals." *Id.* at 716-17. Here, Jesus I. was taken into immigration custody on February 17, 2023, and the IJ issued the order of removal two months later, on April 19, 2023. (Pet. [ECF No. 1]). As of June 12, 2023, the appeal has been pending for approximately 2 months. Jesus I. contends that he does not expect an order on his appeal until he has been in detention for over 180 days. *Id.* at p. 5. At present, Jesus I.'s estimation of future events and timing are premature based on the facts of this case. This factor is neutral.

Third, courts consider the conditions of the non-citizen's detention. "The more that the conditions under which the alien is being held resemble penal confinement, the strong his argument that he is entitled to a bond hearing." *Muse*, 409 F. Supp. 3d at 717. Jesus I., a civil detainee, is being held in a criminal detention facility. (Pet. [ECF No. 1]). This factor weighs in favor of granting relief.

Factors four and five require the Court to consider the nature and extent of any delays in the removal proceedings caused by the non-citizen and the government, respectively. "An alien should not be punished for raising legitimate defenses to removal." *Muse*, 409 F. Supp. 3d at 717. Here, Jesus I. promptly filed a notice of appeal of the removal order to the BIA. (Pet. [ECF No. 1]). This factor weighs in his favor. The government issued the order of removal approximately two months after Jesus I. was first placed in immigration detention. (Pet. [ECF No. 1]). Jesus I.'s appeal of that order to the

BIA has been pending for only approximately two months. *Id.* On this record, it does not appear that the government has engaged in any dilatory tactics. This factor weighs against granting relief.

This leaves the likelihood that the removal proceedings will result in a final order of removal. Here, this factor does not weigh in either party's favor. Although the I.J. ordered Jesus I.'s removal, Jesus I. has appealed that order. At this stage, the record is simply insufficient to discern the likelihood of which party will prevail on the merits of the appeal.

In sum, two factors weigh in favor of granting Jesus I. relief; two factors weigh against it; two factors are neutral. One factor, however, weighs significantly against granting relief: the length of Jesus I.'s detention. The length of deprivation "is critical to the due-process inquiry." *Muse*, 409 F. Supp. 3d at 716. In this case, Jesus I. was detained for approximately two months before the IJ issued the order of removal. Jesus I. promptly appealed that order to the BIA. That appeal has been pending for approximately two months. This period of immigration detention is a significantly shorter than those cases where courts in this District have granted relief. *See Muse*, 409 F. Supp. 3d at 716 (listing cases). This factor weighs heavily against Jesus I. and tips the balance against granting relief at this time.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT** Petitioner Jesus I.'s petition for habeas corpus relief under 28 U.S.C. § 2241 [ECF No. 1] be **DISMISSED**.

Dated: June  13 , 2023                   *s/ Tony N. Leung*
                                          Tony N. Leung
                                          United States Magistrate Judge
                                          District of Minnesota

*Jesus I. v. ICE*
Case No. 23-cv-1630 (ECT/TNL)

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).